UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE HOWARD | CIVIL ACTION |
| VERSUS | NO. 10-1814 |
| WENDY LEMMIER, ET. AL | SECTION "I"(4) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that these matters can be resolved without an evidentiary hearing.

### I.    Factual and Procedural Background

The plaintiff, Wayne Howard ("Howard"), filed this *pro se* and *in forma pauperis* complaint brought pursuant to 42 U.S.C. § 1983 against Wendy Lemmier, a Social Worker with the Office of Community Services in Jefferson Parish. He also names as additional defendants, Katherine M. Dowling, Albert F. Widmer Jr., Elizabeth Toca, Juvenile Court Judges, Judge Ann Keller and Judge C.B. Edward, and the Infant Team of Jefferson Parish, and the Jefferson Parish Juvenile Court in Harvey, Louisiana. Howard is currently serving time in Orleans Parish Prison CTA-3-T. He was arrested on October 31, 2008, and convicted on July 23, 2009.

Howard contends that each of the defendants dishonestly and secretly kept his son away from him and his family. He alleges that the parish officials knew that he was trying to gain custody of his son on numerous occasions. He complains that he feels very violated. He seeks a determination that the parish officials violated his civil rights and further seeks an order requiring them to turn over his son to him or to someone in his family. He further seeks monetary damages in the amount of 3 million dollars.

## II.     Standards of Review

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.    Judicial Officers**

Howard has named Judge Ann Keller and Judge C. B. Edward, both Juvenile Court Judges of Jefferson Parish, State of Louisiana, in this action challenging certain matters arising from their alleged actions of taking his son away from him. Presumably, Howard is suggesting that the judicial officers, in their official capacities, either made a decision resulting in the removal of his son or the stripping of his parental rights. However, these judicial officers are immune from suit in this Court for their actions as judicial officers and the claims against them must be dismissed.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he or she may face. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991). In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Judges enjoy absolute judicial immunity for acts performed in judicial proceedings. *Mays,* 97 F.3d at 110-11. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 111 (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further citations omitted)).

In addition, the Federal Courts Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such

3

officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983 (2006).  Thus, injunctive relief is not available against a judge in his role as a judicial officer individually or in his official capacity. *Guerin v. Higgins*, No. 00-0244, 2001 WL 363486 (2d Cir. Apr. 11, 2001) (unpub.); *Nollet v. Justices of the Trial Court of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *accord Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to § 1983 would limit the relief available from a judge to declaratory relief).

The doctrine of absolute judicial immunity bars Howard's suit for monetary damages against Judges Keller and Edwards.  The claims must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against immune defendants pursuant to § 1915(e)(2) and § 1915A(b).

    **B.**    **Jefferson Parish Juvenile Court**

Howard has also included as a defendant in this § 1983 case the Jefferson Parish Juvenile Court.  However, the Juvenile Court is not a proper defendant in this proceeding.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights under color of law.  42 U.S.C. § 1983; *see Will v. Michigan Dep't of St. Police*, 491 U.S. 58 (1989). In this case, Green has sued a court which does not have the capacity to sue or to be sued.  In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the Twenty-First Judicial District Court has the capacity to sue or be sued.[1]

---

[1] Rule 17(b) of the Federal Rules of Civil Procedure provides that: "[i]n all . . . cases, capacity to sue or to sued shall be determined by the law of the state in which the district court is held."  *See* Fed. R. Civ. P. 17(b).

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Although Louisiana courts have not yet ruled on the precise issue of whether a district court is a juridical person, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts*, 634 So. 2d at 346-47.

In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the Board. *See*, *Id.* at 352. Thus, where there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity under the *Roberts* analysis. *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 613-16 (La. App. 3rd Cir. 1994), *writ denied*, 650 So. 2d 244 (La. 1995).

The Louisiana Constitution organizes Louisiana's government into three separate branches, legislative, executive, and judicial. *See* La. Const., art. 2. Louisiana's district courts are created by the Louisiana Constitution as component parts of a unified state system for the exercise of the judicial power of the State of Louisiana. *See* La. Const., art. 5, §§ 1 & 16. Thus, the Jefferson

Parish Juvenile Court is not a separate entity, but is instead a part of the greater body of the Judicial Branch of Louisiana's state government.  *See Roberts*, 634 So.2d at pp. 346-47.

Further, the Court finds no law, constitutional, statutory, or otherwise, that confers upon the Jefferson Parish Juvenile Court the authority to sue or to be sued.  The Jefferson Parish Juvenile Court "is not an entity to which the law attributes personality," and therefore it lacks the capacity to be sued.  *Bowen*, 649 So.2d at 616; *see also*, *Bellow v. Charbonnet*, No. 98-3212, 1999 WL 203740, at *1 (E.D. La. April 7, 1999) (Judicial Expense Fund for the Civil District Court for the Parish of Orleans did not have procedural capacity to sue or be sued under Louisiana law).  The Court therefore concludes that the Jefferson Parish Juvenile Court is not a proper defendant in this lawsuit and the claims against them should be dismissed as frivolous.

### C.      Claims Against Social Worker, Wendy Lemmier

Although the rights to familial association is protected by the Constitution, parents have a right not to "be separated from their children without due process of law, except in emergencies." *Mabe v. San Bernadino County Dep't of Public Social Servs.*, 237 F.3d 1101, 1107 (9th Cir.2001). Removal of a child is warranted "without a prior judicial authorization if the information [officials] possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Wallis v. Spencer,* 202 F.3d 1126, 1138 (9th Cir. 2000) (citations omitted).

Section 1983 provides a federal cause of action against any person, who, acting under color of state law, deprives another of his constitutional rights.  42 U.S.C. § 1983 (2006).  A plaintiff must prove both the constitutional violation and that the action was taken under color of state law.  *Flagg*

*Bros*., *Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk Country v. Dodson*, 454 U.S. 312 (1981). A state actor in their official capacity is not considered to be a person for purposes of suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

Here, the plaintiff has not made any specific allegations against Lemmier. Instead, he has simply argued that Lemmier, along with the other defendants, conspired against him in order to hide his child. Further, Lemmier, as a social worker, is a state actor, and is not a juridical person with the capacity to be sued under Section 1983. Consequently, the Court finds that the claim as alleged against the social worker should be dismissed for failure to state a claim for which relief may be granted.

**D.     Claims Against Katherine M. Dowling, Albert F. Widmer Jr., Elizabeth Toca**

Howard also named Katherine M. Dowling, Albert Widmer, and Elizabeth Toca as defendants in this matter. He does not allege that they were social workers and nor does he set forth any allegations of who they are or what role they may have played in the circumstances about which he complains.

A private person or non-state actor may also be liable under § 1983 if there is some proof of an overt joint action taken with the State or one of its agents to violate his constitutional rights. *Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980); *Pete v. Metcalf,* 8 F.3d 214, 216-17 (5th Cir. 1993); *Hobbs v. Hawkins,* 968 F.2d 471, 480 (5th Cir.1992). In this case, Howard has made broad allegations that Dowling, Widmer, and Toca assisted in hiding his son from him while they knew he was trying to obtain custody. Howard does not allege that these defendants acted in conspiracy.

Even if he had referenced the word conspiracy, however, the allegation of a conspiracy between private and state actors requires more than conclusory statements. *See Brinkmann v.*

*Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (citing *Arsenaux v. Roberts,* 726 F .2d 1022, 1024 (5th Cir. 1982) (holding that "mere conclusory allegations of conspiracy cannot, absent reference to material facts" state a claim of conspiracy). The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act; and (2) a deprivation of constitutional rights. *Cinel v. Connick,* 15 F.3d 1338, 1342 (5th Cir. 1994). "Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.,* 354 F.3d 414 (5th Cir. 2004). Howard alleges no factual basis from which this Court can glean an allegation of conspiracy sufficient to render these defendants to be state actors. *See Brinkmann,* 793 F.2d at 113; *Arsenaux,* 726 F.2d at 1024. The conclusory complaint contains no statement of alleged influence or action taken in any capacity as state actors. *Accord, Hey v. Irving,* 161 F.3d 7 (5th Cir. 1998) (complaint contained no factual support for conclusory allegations that judge used his position to influence police in non-judicial matter, therefore complaint failed to allege conspiracy with state officials).

The Court is therefore of the opinion that the claims by Howard against Dowling, Widmer, and Toca should be dismissed as frivolous for failure to state a claim for which relief may be granted.

### E. Infant Team of Jefferson Parish

Howard also included as a defendant the Infant Team of Jefferson Parish ("the Infant Team"). The Infant Team was implemented by Jefferson Parish and is comprised of a partnership among Tulane University's Child Psychiatry Staff, the Jefferson Parish Human Services Authority,

and the Office of Community Services.[2] Because the Infant Team is an entity of Jefferson Parish, suit against the Infant Team of Jefferson Parish is a suit against the entity that they represent, in this case, that is Jefferson Parish.

The Infant Team, as representatives of Jefferson Parish, could be liable under § 1983 only if their actions were in execution of an unconstitutional parish policy or custom which inflicted injury or damage upon the plaintiff. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Howard would have to allege not merely that such an unconstitutional policy of custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-23 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5t$^h$ Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp*., 790 F.2d 1174 (5th Cir. 1986).

Howard, however, has not asserted that the actions of the Infant Team in "dishonestly and secretly keeping [his] son away from [him]" was the result of an unconstitutional policy or custom of Jefferson Parish as contemplated by *Monell*. Instead, his claims concern allegations and decisions in connection with the Infant Team themselves. Therefore, the claims against the Infant Team are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.

## IV. Recommendation

It is therefore **RECOMMENDED** that Howard's § 1983 Complaint filed against Wendy Lemmier, Katherine M. Dowling, Albert F. Widmer Jr., Elizabeth Toca, Juvenile Court Judges,

---

[2]The Court notes that, under Section 1983, a non-state actor may be liable under § 1983 if there is some proof of an overt joint action taken with the State or one of its agents, to violate its constitutional rights. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Pete v. Metcalf,* 8 F.3d 214, 216-17 (5th Cir. 1993); *Hobbs v. Hawkins*, 968 F.3d 471, 480 (5th Cir. 1992). Tulane University, as a private entity, is not a state actor. Even if the Court were to find that Tulane University's partnership with the Jefferson Parish Human Services Authority and the Office of Community Services constituted a conspiracy in which there was a joint overt act, the Court would find for reasons discussed above, that the claims against the Infant Team should be dismissed.

Judge Ann Keller and Judge C.B. Edward, the Infant Team of Jefferson Parish, and the Jefferson Parish Juvenile Court be **DISMISSED WITH PREJUDICE** as frivolous, and for failure to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 18th day of January, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.